WESLEY L. PAGE, Appellant, v. ED. A. SMITH, Respondent.

(167 N. W. 218.)

**Accounting — use and occupation — review of evidence.**

> For reasons stated in the opinion, it is *held* that defendant is not entitled to certain items allowed him upon an accounting.

Opinion filed January 26, 1918.  Rehearing denied April 2, 1918.

From a judgment of the District Court of Dickey County, *Allen,* J., plaintiff appeals.

Modified.

*E. E. Cassels* and *T. L. Brouillard,* for appellant.

*Ed. A. Smith,* for respondent.

PER CURIAM.   Plaintiff brought this action to quiet title to a quarter section of land in Dickey county.   On a former appeal we held plaintiff's title to be invalid, and found defendant to be the fee owner. The cause was remanded in order that an accounting might be had and the amount due the defendant from the plaintiff and his grantors for the use and occupation of the premises be determined.   See page v. Smith, 33 N. D. 369, 157 N. W. 477.   After the cause had been remanded, additional pleadings were filed and evidence taken upon this question, and the trial court found the value of such use and occupation

to be $1,455.20, with interest upon the various amounts aggregating $494.22, making a total allowance to the defendant for such use and occupation of $1,944.42. The plaintiff has appealed from the judgment, and complains of certain items allowed by the trial court. The items of which plaintiff complains are: (1) Items allowed for the years 1900 to 1904, inclusive; (2) items allowed for the years 1908 and 1909; and (3) the allowance of interest on the items allowed for such use and occupation.

(1) With respect to the first item of which plaintiff complains we find that there is some evidence tending to show that the plaintiff's grantors received certain rent for the premises during the years 1900 to 1904, inclusive, and we are of the opinion that the court's findings as to these items is supported by the evidence.

(2) With respect to the items allowed for the years 1908 and 1909, we are of the opinion, however, that plaintiff's contention is correct. The controversy with respect to these items arises with respect to the time when a part of the land was first put under cultivation. Upon the former trial there was some testimony to the effect that about 70 acres of the land was broken in 1907. The evidence upon the latter trial is to the effect that the land was not broken in 1907 but in 1909. The evidence is undisputed that the party who broke the land received the entire first year's crop for the breaking. An examination of all the evidence adduced in the case, both upon the former trial and upon taking of the account, clearly shows that the land was first broken in 1909. The evidence also shows that plaintiff's grantors received $20 rent therefor in 1908, but received no rent therefor during the year 1909. Consequently, the items allowed by the trial court for the years 1908 and 1909 are erroneous and should be stricken from the account, and in lieu thereof the defendant is entitled to be allowed $20, the amount which the evidence shows plaintiff's grantors to have received.

(3) With respect to the allowance of interest, we are clearly of the opinion that plaintiff's contention is correct. It was not the intent of this court as disclosed by our former opinion that any interest should be allowed to the defendant upon such items. It may be observed that the mortgage bore 6½ per cent interest. Interest was payable annually. Some of these interest instalments had become due and payable thirty-three years before our opinion was handed down. Defendant, however,

was not required to pay any interest upon such interest instalments, but was merely required to pay straight interest for the entire period at 6½ per cent. It is manifest that this provision of the decree was quite favorable to the defendant. And it was assumed that this would in a measure be offset by the fact that plaintiff and his grantors had during the course of time received certain rents and profits for which they would not be required to pay any interest until the amount thereof was determined. It was not intended that defendant should be allowed interest on the rents and profits received by plaintiff and his grantors. Consequently, the allowance thereof to the defendant was erroneous. This item must, therefore, be eliminated from the account.

The case is therefore remanded, and the District Court is directed to modify its former judgment, and enter judgment in accordance with the views expressed in this opinion. No costs will be allowed on this appeal.